UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
CITIZENS INSURANCE COMPANY OF AMERICA,  :
*as subrogor of* GOLDEN VALLEY MANAGEMENT,  :
INC.,                                                                     :
                                                                              :       21 Civ. 4201 (JPC)
                                        Plaintiff,      :
                                                                              :       <u>ORDER</u>
            -v-                                                       :
                                                                              :
JAAP TRUCKING, INC.,                                :
                                                                              :
                                        Defendant.   :
                                                                              :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff moved to compel third-party Links Insurance Services, LLC to comply with its subpoena issued on December 14, 2021 under Federal Rule of Civil Procedure 45.  Dkt. 29-3 ("Motion).  In response to the Motion, the Court ordered Links Insurance, by June 15, 2022, to "file a letter showing cause why the Court should not compel it to comply with Plaintiff's subpoena." Dkt. 30.  To date, Links Insurance never filed the required letter.

Under Rule 45(a)(2), "[a] subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2).  The subpoena may specify a "[p]lace of [c]ompliance" that is "within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Fed. R. Civ. P. 45(c)(1)(a).  When a party does not comply with a subpoena, the serving party "may move the court for the district *where compliance is required* for an order compelling production or inspection" "on notice to the commanded party."  Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added).

Although Links Insurance did not oppose the Motion, the Court cannot grant it.  The subpoena requires Links Insurance to produce documents in Trevose, Pennsylvania.  *See* Dkt. 29-2 at 4-5.  That means that the Eastern District of Pennsylvania—not this Court—has jurisdiction to

rule on the Motion.  *See, e.g.*, *Madigan v. Bronstein*, No. 18 Misc. 61, 2018 WL 1768283, at *3 (S.D.N.Y. Apr. 12, 2018) ("[A]ny motion to compel would properly be brought in the Eastern District of New York—not this Court—because the subpoena requires attendance at a deposition and production of documents in Brooklyn."); *Simmons v. Fervent Elec. Corp.*, No. 14 Civ. 1804 (ARR) (MDG), 2014 WL 4285762, at *1 (E.D.N.Y. Aug. 29, 2014) ("Since the subpoena at issue requires the deponent's attendance in Manhattan," "this Court lacks jurisdiction to address plaintiffs' motion," and thus "plaintiff's motion is properly brought in the United States District Court for the Southern District of New York."); *In re ALB-GOLD Teigwaren GmbH*, No. 19 Misc. 1166 (ST), 2020 WL 122943, at *7 n.2 (E.D.N.Y. Jan. 10, 2020) ("This Court generally does not have the power to enforce a subpoena outside of this District."); *JMC Rest. Holdings, LLC v. Pevida*, No. 14 Civ. 6157 (WFK) (VMS), 2015 WL 2240492, at *3 (E.D.N.Y. May 12, 2015) ("[U]nder the current version of Rule 45, . . . the court for the district where compliance is required is the proper venue for a motion to compel.").

The Court therefore denies the Motion without prejudice.  The Clerk of the Court is respectfully directed to close the motion pending at Docket Number at 29.

SO ORDERED.

Dated: June 21, 2022
       New York, New York

                                            _____
                                                    JOHN P. CRONAN
                                                 United States District Judge

2